**Savannah PATTERSON, a Minor, By and Through Her next Friend, Larry PATTERSON, Appellant,**

**v.**

**The CITY OF JOPLIN, MISSOURI; Lance Nichols, Brian J. Simmons, Larry Tennis, Individually and as Members of the Police Department of the City of Joplin, Missouri, Appellees.**

No. 88–2784.

United States Court of Appeals, Eighth Circuit.

Submitted June 16, 1989.

Decided July 7, 1989.

M. Sean McGinnis, Springfield, Mo., for appellant.

Michael D. Talley, Joplin, Mo., for appellees.

Before LAY, Chief Judge,
BOWMAN, Circuit Judge, and
DUMBAULD,* Senior District Judge.

PER CURIAM.

At approximately 10:00 p.m. on May 26, 1984, two Joplin, Missouri policemen saw a motorcycle speed past them. The motorcycle was driven by Jerry Jones. Steven D. Patterson was a passenger. The two policemen, Nichols and Simmons, were sitting in separate squad cars on different sides of the street. The officers both noticed that the motorcycle's occupants were not wearing helmets, as is required by law. On seeing the speeding motorcycle, Officer Nichols turned on his red lights and began pursuit. The squad car followed at a distance of two to four blocks. Officer Simmons turned his vehicle around, turned his lights and siren on and followed behind Nichols. There was testimony that the motorcycle reached speeds as high as ninety miles per hour. Nichols thought his car's speed was sixty to sixty-five miles per hour. During the chase, the motorcycle weaved through traffic, ran two red lights and cut corners. Finally, at the intersection of Seventh and Illinois, the motorcycle crashed into a car. Jones and Patterson were both killed. There is no evidence that either of the police cars collided with the motorcycle or the innocent victim. The chase lasted less than a mile and took less than one minute.

* The HONORABLE EDWARD DUMBAULD, Senior United States District Judge for the Western    District of Pennsylvania, sitting by designation.

Savannah Patterson, Steven's daughter, brought this action under 42 U.S.C. § 1983 (1982), claiming that Patterson was deprived of his life as a result of the officers' pursuit of the motorcycle. Appellant claims that the chase constituted a use of excessive force, resulting in an unconstitutional seizure of Patterson's person.

Defendants filed a motion for summary judgment on October 21, 1988. The motion was granted by the district court[1] on November 2, 1988. Savannah Patterson appeals.

The court believes that *Brower v. County of Inyo*, —— U.S. ——, 109 S.Ct. 1378, 103 L.Ed.2d 628 (1989), controls the resolution of this case. *Brower* involved a high speed chase where the police had placed a concealed roadblock. The pursued person there had no choice but to crash into the roadblock. The Court addressed the question of whether a seizure of Brower's person had occurred, thereby violating the fourth amendment. Because Brower had been "stopped by the very instrumentality set in motion or put in place in order to achieve that result[,]" the Court found that a seizure had occurred, and remanded the case for the determination of whether the seizure was unreasonable. *Id.* 109 S.Ct. at 1382–83. The Court also stated that where a police car chases a suspect, who unexpectedly loses control of the car and crashes, no fourth amendment seizure occurs. The Court explained that "the Fourth Amendment addresses 'misuse of power,' not the accidental effects of otherwise lawful government conduct." *Id.* 109 S.Ct. at 1381 (citation omitted). The Court continued:

[A] Fourth Amendment seizure does not occur whenever there is a governmentally caused termination of an individual's freedom of movement (the innocent passerby), nor even whenever there is a governmentally caused and governmentally *desired* termination of an individual's freedom of movement (the fleeing felon), but only when there is a govern-

mental termination of freedom of movement *through means intentionally applied.*

*Id.* (original emphasis). Thus, where "[t]he pursuing police car sought to stop the suspect only by the show of authority represented by flashing lights and continuing pursuit[,]" but where the suspect loses control and crashes, there is no such seizure. *Id.* *Brower* mandates that no seizure occurred here.

As to the other points discussed by the district court in its well-reasoned opinion, we concur. Accordingly, the grant of summary judgment for the defendant is affirmed.

■■■■■■■■■■■■■■■■■■■■■■■■

---

1. The Honorable Russell G. Clark, United States District Judge for the Western District of Mis-

